CASE 38—INDICTMENT—JUNE 9, 1883.

# Craft v. Commonwealth.

APPEAL FROM CARTER CIRCUIT COURT.

1. Where the testimony of a witness given on a former trial is reproduced, the witness having died, testimony to the effect that the witness, subsequent to the former trial, stated that the evidence given by him on that trial was false, is not competent.

2. Before evidence can be adduced to impeach a witness by proof of statements contradictory of what he has testified, he must be inquired of as to such statements, with circumstances of time, place, and persons present, and the fact that the witness sought to be impeached is dead does not alter the rule.

3. When the evidence of an accomplice is corroborated, he occupies the same attitude of any other witness so far as the methods of contradicting or impeaching him is concerned.

4. Where there is corroborating evidence sufficient to permit the jury to consider the evidence of an accomplice, the jury are the sole judges as to what weight should be given to such corroborating testimony.

Z. F. SMITH, JR., AND R. C. BURNS FOR APPELLANT.

1. The motion to set aside, and the demurrer to the indictment, should have been sustained. (Sec. 1, art. 2, ch. 62, Gen. Stat.; *Ib.*, sec. 11, art. 4, ch. 62, p. 575; Bouvier's Law Dict., vol. 1, p. 592; 1 Chit. Rep., 502; sec. 158, Criminal Code; 10 Bush, 478; Acts 1881, vol. 1, p. 2; Gen. Stat., pp. 281, 286; secs. 121, 158, Crim. Code; Const., art. 13, sec. 2; Const., art. 4, secs. 16, 28; Cooley's Const. Lim., pp. 390-'1-'2.)

2. The trial was not fair and impartial. (9 Bush, p. 229; subsec. 7, sec. 271, then 267, Crim. Code.)

3. Proof of Geo. Ellis' testimony incompetent. (9 Cowen, 707; vol. 2, p. 319, Halstead's Law of Evidence; Gilbert's Law of Evidence, pp. 36-'7; Bush v. Commonwealth, 3 Reporter, 743-'4; King v. Westbeer, 2 Leading Criminal Cases, 454.)

4. It is not necessary to ask an accomplice as to contradictory statements. (Wharton's Law of Evidence, secs. 555, 557; Starkie on Ev., 10th ed., 241; Crowley v. Page, 7 C. & P., 789, sec. 556; Wharton's Law of Evidence, 10th ed., and cases cited; 8 Greenleaf, Mass., p. 38, side p. 53; 32 Maine, 184; 55 Maine, 176; 24 New Hamp., 176; 34 N. H., 471; 22 Conn., 268; 2 Phillips on Evidence, 778; 12 Wendell, 78; 23 Wendell, 50; Hawkins' P. C., vol. 2, ch. 46, sec. 48; 1 Gilbert's Ev., 890; 1 McNally on Ev., 259; sec. 598, Civil Code; 8 Greenleaf, 38; 32 Me., 184; 55 Me., 176; 24 N. H., 332; 34 N. H., 471; 22 Conn., 268; 1 Mon.; 9 B. Mon., 505.)

Craft v. Commonwealth.

5. Neal's evidence was competent.   (13 Bush, 264; 79 Ky., 604; 78 Ky., 15.)

P. W. HARDIN, ATTORNEY GENERAL, AND K. F. PRITCHARD FOR APPELLEE.

1. No statement of Ellis made after his testimony on the first trial was competent.

2. Mere conviction by a verdict works no infamy.   (1 Greenleaf on Ev., 11th ed., sec. 375; Starkie on Ev., 10th ed., p. 117, and notes; Wharton's Ev., vol. 1, secs. 397–'8; Civil Code, sec. 605 and sec. 598; O'Brien v. Commonwealth, 6 Bush; Wharton's Evidence, sec. 555; 1 Greenleaf, 11th ed., sec. 462, and notes; 9 Bush, p. 33.)

3. The corroboration of Ellis was sufficient and the instructions proper.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This is an appeal from a sentence of death on a conviction for murder.   The case was here before on an appeal from a like sentence, and reversed because of the failure of the court to properly instruct the jury as to the weight to which the testimony of an accomplice is entitled.   Opinion delivered September 12th, 1882, and to be reported in 80th Kentucky.

On the first trial one Ellis, an accomplice, testified, on behalf of the Commonwealth, to the guilt of appellant, but died before the last trial, in which trial the Commonwealth gave in evidence to the jury the statements of Ellis made at the former trial.   Appellant then offered testimony to the effect that Ellis, subsequent to the first trial, had stated that the evidence given by him on the first trial, inculpating appellant, was false.   This evidence the court rejected, and the correctness of that ruling is the only question we need inquire into on this appeal.

In this state it is settled, in harmony with the adjudications in the majority of the states, that before evidence can be adduced to impeach a witness by proof of statements contradictory of what he has testified, he must be inquired

of as to such statements, with circumstances of time, place, and persons present. This rule is established in civil cases by the Code, and in criminal prosecutions by an unbroken line of decisions.

It is insisted for appellant that this rule does not apply when the witness sought to be impeached is dead. In this state there is no reported case in which the question has been presented, but there are numerous cases in which the evidence of a deceased witness, both by deposition and orally, has been reproduced, and this fact is strongly persuasive that such impeaching testimony has been uniformly considered incompetent, since it could not have been introduced without making it an exception to the well-established rule that the witness sought to be impeached must first be inquired of as to the circumstances of time and place of the contradictory statements. The reason of the rule is, that the witness attempted to be impeached may have an opportunity to contradict or explain such alleged statements. Such evidence is an exception to the well-recognized rule that hearsay evidence is not competent, and is only admitted upon the condition that this opportunity of contradiction or explanation be had. If such an exception were allowed to the general rule excluding hearsay evidence, there would be a strong temptation to the fabrication of evidence by which important and true evidence might be destroyed. An exception to this rule has been contended for in the admission of the declaration of a deceased witness to a deed or will, in disparagement of the evidence afforded by his signature, but has been disallowed. (Greenleaf on Evidence, sec. 126.)

Even in an *ex parte* proceeding for the probate of a will, where the opposite party had no opportunity to cross-ex-

amine the witness, the courts have refused to allow the deceased witness to be impeached by proof of statements in conflict with his evidence given under oath.     (Runyan v. Price et al., 18 Ohio State, 1.)

In the case of Stacy v. Graham, 14 N. Y., 498, the testimony of a witness had been taken *de bene esse* and read on the trial, whereupon the defendant offered to prove conversations with that witness after his examination, in which he confessed that his evidence was false ; that it had been given under threats, and that he regretted having testified as he had.     The court refused to permit the impeaching testimony to be heard, and, in the opinion, said:

"Nor can we, in the present case, admit a distinction founded on the circumstance that the admissions of the witness were made, as alleged, after he had been examined.     I cannot perceive that the reasons on which the rule in question is founded lose any of their force in such a case.     And not only do those remain unimpaired, but there is an additional one to be found in the temptation held out to tamper with witnesses after their evidence has been given.     I can conceive of nothing more dangerous in principle than the doctrine contended for.     When a witness has been examined and cross-examined, if we allow him to be approached afterwards, and declarations to be drawn from him inconsistent with his testimony, and then receive those in evidence without the protection which the rule affords, there will be no safety in trials.     When the first experiment of this kind shall be sanctioned by the courts, there is no doubt that it will be often repeated, and with greater or less success."

It does not matter that in the present case the witness sought to be impeached was an accomplice, notwithstanding the fact that, under our Code, his evidence is not admissible

unless corroborated. When his evidence is corroborated, he occupies the same attitude of any other witness so far as the method of contradicting or impeaching him is concerned. In this case there is corroborating evidence sufficient to have permitted the jury to consider the evidence of the accomplice, and the jury are the sole judges as to what weight should be given to such corroborating testimony.

Judgment affirmed.