### WILLIAM NEAL *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 6—368.]

**Continuance of criminal trial.**

> A continuance of a criminal trial will not be granted to enable the accused to produce immaterial evidence.

**Weight and credibility of evidence.**

> Where evidence is properly admitted in the trial of a criminal cause, the jury is to determine what weight is to be given to it and this court will not reverse a decision on account of the weight of evidence.

APPEAL FROM CARTER CIRCUIT COURT.

November 13, 1884.

OPINION BY JUDGE HINES:

This is the second appeal from a death sentence. On the first appeal the judgment was reversed because of a failure to properly instruct the jury in regard to evidence corroborative of that of the accomplice Ellis. *Craft v. Commonwealth,* 80 Ky. 349; *Neal v. Commonwealth,* 4 Ky. L. 258. On the first appeal the instructions given on this appeal, except that which appears in reference to corroborative evidence which is in conformity to the opinion delivered on the first appeal, were given on this appeal. There is no error in giving or refusing instructions.

Ellis, the accomplice, testified on the first trial, was subsequently found guilty of murder, but after verdict and before sentence he met a violent death at the hands of unknown parties. It is claimed for appellant that the court erred in rejecting statements made by Ellis subsequent to giving his evidence on the first, and which was offered to impeach his testimony given on the first trial and which was read in evidence by the Commonwealth on the second trial. The court properly rejected such contradictory statements as was held by this court on the second appeal of *Craft v. Commonwealth,* 81 Ky. 250.

Ellis testified on the first trial that the crime of murder and rape was committed by Craft, Neal and himself. That they approached the front of the house; Craft with an ax and Neal with a crow-bar and prised up the front window, and after Ellis has assisted them in committing the rape Craft killed one of the girls by striking her on the head with the ax and Neal killed the other by striking her on the head with the crow-bar. There was testimony on the trial that both the ax and crow-bar were bloody and that there was adhering to the crow-bar long hair from a human head and that it was of the color of the hair of the girl that Ellis testified Neal killed.

On the trial appellant moved for a continuance on account of the absence of a witness by whom he alleged that he could prove that the witness saw the crow-bar on the morning following the night of the murder and that the stains upon it supposed to be blood was in his opinion rust, and that the hairs were attached to the crow-bar by

filth which appeared to have been placed there by some person stepping upon it; and further that he (the witness) saw the window sash taken from the front window through which Ellis testified that the parties entered, and that the sash was of soft wood and that there was no indentations that could have been produced by prising up the window with such instrument as an ax or crow-bar.

It is insisted for appellant that as the evidence given by Ellis is the only direct evidence as to the killing, the other being circumstantial, of a flimsy character, and that as the testimony of Ellis is inconsistent and incredible, it was prejudicial to appellant to refuse a continuance in order that he might obtain the evidence of the absent witness to contradict and impeach that of Ellis. We think the evidence was not material as Ellis had not testified to the existence of any such indentation on the window frame, and as to the appearance of the crow-bar his evidence would have been only the expression of an opinion, not necessarily and materially in conflict with the opinions of other witnesses who testified (as to the appearance of the crow-bar at the time), but if the opinion of the absent witness was essentially different from that of other witnesses who testified in reference to the same matter, it furnished no grounds for a continuance. The testimony was not material and the court did not abuse a sound discretion in denying the continuance as the evidence could have produced no appreciable effect upon the final result.

Counsel devote much time to discussing the weight to which Ellis' testimony is entitled and to the plausity of evidence to establish corroborating circumstances. All these matters were for the jury and not for the court to pass upon. Having determined that there was evidence tending to corroborate the testimony of Ellis it was for the jury to determine its weight and credibility. *Craft v. Commonwealth, supra.* On the former appeal of this case this court determined that there was evidence tending to corroboration, and as the record now presented is in every essential particular the same as the one then passed on, it is unnecessary to discuss the evidence tending to that conclusion.

Judgment *affirmed*.

*Brown & Lackey, Z. F. Smith, Jr., Wood & Day, for appellant.*
*P. W. Hardin, K. F. Pritchard, for appellee.*