CASE 13—FORFEITED BAIL BOND—JANUARY 20.

# Willis, &c., v. Commonwealth.

APPEAL FROM CUMBERLAND CIRCUIT COURT.

1. THE TRIAL OF AN INDICTMENT FOR FELONY DOES NOT BEGIN until the issue is formed and the jury is sworn to try it.
2. EXONERATION OF BAIL.—After the trial has begun the defendant is in custody of the proper officer of the court, and the bail are no longer amenable for his appearance unless they appear personally in court and consent that he remain on bail. But in order to be exonerated before the trial begins, the bail must either surrender the defendant to the jailer as provided in chapter 2, title 5, of the Criminal Code, or to the custody of the court while in session, which must be shown by the record to have been done.

JAMES GARNETT, FOR APPELLANT

1. In order to bind the bail after the trial begins, there must be an agreement or consent upon his part, in open court, to stand bound on the bond. Nothing short of this will bind the bail. (Criminal Code, sections 183 and 229; Askins v. Commonwealth, 1 Duvall, 275; White v. Commonwealth, 80 Ky., 488.)
2. The court erred in holding that as the jury had not been sworn the

Willis, &c., v. Commonwealth.

trial had not begun. The selecting of the jury is an important part of the trial in a prosecution for a felony.

3. The affirmative allegations in the answer not being denied, must be taken as true. The same rule must apply in this case in regard to the pleadings as in an ordinary civil action. (Crimininal Code, subsection 3 of section 94.)

P. W. HARDIN, ATTORNEY-GENERAL, FOR APPELLEE.

The trial in a felony case does not begin until the jury is sworn. (O'Brien v. Commonwealth, 9 Bush, 343; Williams v. Commonwealth, 78 Ky., 93.)

Therefore, the bail in this case were not released, although they did not consent to remain bound during the trial.

S. M. PAYTON ON SAME SIDE.

The trial had not begun, as the jury had not been sworn, and, therefore, the sureties in the bail bond were not released.

JUDGE LEWIS DELIVERED THE OPINION OF THE COURT.

By the terms of the bond given by appellants as bail for Strange, charged with murder, they undertook that he should appear in the Cumberland Circuit Court to answer the charge, and at all times render himself amenable to the orders and process of said court in the prosecution of said charge.

They did not, at any time before the forfeiture of their bond, surrender the defendant to the jailer of the county, but they were still bound when he appeared in court at the June term, 1883; and the question is presented whether any thing was, after that, done by the court, or by them, which, under the Criminal Code, exonerated them. It appears that the motion for a continuance at that term was overruled, and the accused required to go into the trial, and ten jurors were selected and accepted by the Commonwealth and the accused. But the court adjourned for the day without completing the formation of the trial jury, and the

next day the court, on its own motion, discharged the ten jurors and continued the case until the next term, because the officer in whose charge they were placed permitted them to separate, contrary to law and the injunction of the court.

Section 229 of the Code provides, that during the trial of an indictment for felony, the defendant shall be committed to and remain in the custody of the proper officer. But, by section 183, it is provided, that if the indictment be for a felony, the defendant must be present, and shall remain in actual custody during the trial, unless his bail appear personally in court and consent that he may remain on bail, in which case he shall be placed in actual custody when the case is finally submitted to the jury.

After the trial has commenced the defendant is in custody of the proper officer of the court, and the bail is no longer answerable for his appearance unless, as provided in section 183, they appear personally in court and consent that he remain on bail. But in order to be exonerated before the trial commences, it is necessary for the bail to either surrender the defendant to the jailer, as provided in chapter 2, title 5, or to the custody of the court while in session, which must be shown by the record to have been done.

It does not appear from the record in this case that the bail surrendered, or offered to surrender, the defendant to the court. On the contrary, it is recited in the order-book that the defendant came into court in proper person, but not in discharge of his bail bond, and the same recital is made in reference to his appearance on the day the ten jurors were discharged,

and at the next term of the court. But if the defendant at any time, by operation of law, was taken out of the custody of the bail and placed in that of the court, a subsequent recital in the order-book should not bind them unless by their consent.

The decisive inquiry then is, when does the trial of an indictment for felony, in the meaning of section 229, begin? It seems to us it cannot, with propriety or accuracy, be said to begin until the issue is formed and the jury sworn to try it. For, as has been held by this court, the defendant can not be regarded as being in jeopardy of his life or liberty until then. Every thing done previously is merely preliminary to the trial.

Judgment affirmed, with damages.