CASE 58—INDICTMENT FOR BURNING DWELLING HOUSE—APRIL 17.

# Collier v. Commonwealth..

### APPEAL FROM LETCHER CIRCUIT COURT.

DEFENDANT CONVICTED AND APPEALS. REVERSED.

CRIMINAL LAW—ESCAPE OF ACCUSED PENDING TRIAL—RIGHT OF COM-
MONWEALTH TO PROCEED WITH TRIAL—NUNC PRO TUNC ORDER
OVERRULING DEMURRER TO INDICTMENT—INDICTMENT FOR HOUSE-
BURNING—REFUSAL OF TRIAL COURT TO CONSIDER MOTION FOR NEW
TRIAL.

Held: 1. Where accused in a felony case voluntarily absents him-
self after the trial begins, the trial may, under Criminal Code
Practice, section 183, proceed to verdict, and defendant can not
complain that he has been deprived of his constitutional right
to be confronted by the witnesses for the prosecution.

2. A *nunc pro tunc* order filing and overruling a demurrer to an in-
dictment can not be entered in the absence of anything in the
record upon which to base such an order.

3. An indictment charging defendant in the language of Kentucky
Statutes, section 1170, with the offense of "willfully, malicious-
ly, and unlawfully burning a dwelling house occupied as a resi-
dence," is good, though the word "feloniously" is not used.

4. The refusal of the trial court to file or consider defendant's mo-
tion and grounds for new trial where they were offered in time
is a reversible error, whatever may be the opinion of the Court
of Appeals as to the sufficiency of the grounds; that court hav-
ing no right, under Criminal Code Practice, section 281, to pass
upon that question.

W. F. HALL AND S. B. DISHMAN, FOR APPELLANT.

ROBT. J. BRECKINRIDGE, FOR COMMONWEALTH.

(No briefs in the record.)

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Appellant was indicted and convicted under section 1170,
Kentucky Statutes, for "willfully, maliciously, and unlaw-
fully burning a dwelling house occupied as a residence."
When the case was called for trial, appellant was pres-

ent, a jury was selected and sworn, and, after the trial was thus begun, appellant made his escape, and continued at large for some months. The Commonwealth' attorney elected to proceed with the trial, acting under section 183, Criminal Code Practice, which is as follows: 'If the indictment be for a felony the defendant must be present, and shall remain in actual custody during the trial, unless his bail appear personally in court, and consent that he may remain on bail, in which case he shall be placed in actual custody when the case is finally submitted to the jury. If he escape from custody after the trial has commenced, the trial may either be stopped or progress to a verdict, at the discretion of the Commonwealth's attorney; and judgment shall not be rendered until the presence of the defendant is obtained." A verdict of guilty and punishment fixed by the jury was returned into court at the conclusion of the trial, whereupon no further steps were taken in the case save to order the issual of a bench warrant against defendant, who, some months afterwards, was rearrested, and brought into court. He then moved the court to enter an order *nunc pro tunc* showing that he had filed a demurrer to the indictment when the case was first called for trial, and that the demurrer was overruled. The court declined to enter the order. Then defendant's counsel offered to file motion and grounds for a new trial and affidavits in support of the motion. This was objected to by the Commonwealth, and the court overruled the motion to file the papers. Appellant then entered a motion in arrest of judgment, which was overruled by the court. Judgment having been entered, appellant prosecutes this appeal, relying for reversal upon the following alleged errors: (1) That the court erred in proceeding with the trial in the absence of the defendant; (2) that the *nunc pro tunc* order on the

demurrer to the indictment should have been entered; (3) that the motion in arrest of judgment should have prevailed; (4) that the motion and grounds for a new trial, and the affidavits in support thereof, should at least have been allowed to be filed, and been acted upon by the court.

Taking up the grounds in the order stated:

1. The Constitution and laws of this State guaranty to any person accused of crime the right to a public trial, and the right to be confronted by the witnesses appearing against him. Section 11, Constitution; section 183, Criminal Code Practice. This means that no man can be deprived of his liberty by judgment of a court unless by a public trial, and unless the witnesses accusing him appeared in person at the trial, at which he could and should also be present. This much the laws of the land guaranty to him, but they do not go further to allow him to voluntarily and unlawfully absent himself from the trial after it has regularly and legally begun, and then, for such absence, allow the claim that his constitutional privileges have been ignored or abridged by the court. If he has suffered the lack of enjoyment of the constitutional right of being confronted by his witnesses, it is because he himself refused to be so confronted. There was neither failure of due provision of legal opportunity nor of fair privilege afforded by the court for the defendant to meet his accusers face to face at the trial. Every step required by a regardful observance of these ancient and invaluable guaranties of fair trials was duly and fairly taken by the court's officers. The accused, by personally, voluntarily, and unlawfully abandoning the trial, deprived himself of whatever value the privilege of personal presence would have been to him. The trial having begun when the jury was sworn (Williams v. Com., 78 Ky., 93; Gaskins v. Com.,

97 Ky., 494 (30 S. W., 1017); Huff v. Com. [Ky.] 42 S. W., 907, (19 Ky. L. R., 1064), the Commonwealth's attorney doubtless construed that to withdraw the juror without the defendant's consent would operate as a bar to another trial for the same offense: the defendant having been once in jeopardy. It was by statute clearly within his discretion, at least, whether the trial should proceed to a verdict. The evidence of the witnesses disclosed that appellant and one William Wells went to the dwelling house occupied as a residence by Mrs. Day and her two daughters, in the night time, firing pistols about the house, intimidating and alarming its occupants to such an extent that they fled in their night clothes to a neighbor's. Appellant and his colleague were then discovered inside the house, piling onto the fire articles of furniture and clothing belonging to the women, and setting fire to them. Then appellant dragged a straw bed to the back of the house, firing it, resulting in the total destruction of the building and contents. The character of these witnesses is not shown, but was presumably known to the jury. The house was a poor one—a log cabin—and, from the description of it and its contents given in the bill of exceptions, was the humble home of very poor women, apparently with no other protection than that afforded by the law of the land. That the house was burned in the night time; that the firing of pistols accompanied and preceded the deed; that the women were driven helpless, and but scantily clad, to seek shelter at a neighbor's—who was himself evidently afraid to interfere in their behalf—is shown by evidence other than that of the women. If this evidence is true, the punishment fixed by the jury speak well for their good citizenship and determination to protect the helpless in the

strict enforcement of the law. Fourteen years' confinement in the State penitentiary was fixed by the verdict.

2. There is nothing in the record showing that a demurrer to the indictment was filed, or acted on by the court. Therefore the refusal of the court to enter an order *nunc pro tunc* showing those facts, if they were facts, was proper. *Nunc pro tunc* orders can only be entered when based upon and sustained by facts shown of record. Boyd Co. v. Ross, 95 Ky., 167; 15 R., 520 (25 S. W., 8); Bennett v. Tierney, 78 Ky., 580.

3. The motion in arrest of judgment is based upon the assumption that the indictment fails to state a public offense. The language of the indictment is: "The grand jury of Letcher county, in the name and by the authority of the Commonwealth of Kentucky, accuse Isom Collier and William Wells of the crime of unlawfully, willfully, and maliciously burning a dwelling house occupied as a residence by another person, committed as follows, to-wit: The said Isom Collier and Wm. Wells, on the 28th day of November, 1898, in the county and State aforesaid, did unlawfully, willfully, and maliciously burn a dwelling house, the property of Stephen Wells, occupied as a residence by Polly Ann Day, against the peace and dignity," etc. Section 1170, Kentucky Statutes, under which this indictment was drawn, is: "If any person shall willfully, maliciously and unlawfully burn any dwelling house which is occupied as a residence. . . . he shall be punished by confinement in the penitentiary for not less than ten or more than twenty years," etc. The indictment follows the language of the statute, and that we have frequently held is sufficient particularity. It is complained that the word "felonious" is not used in the accusative part of the indictment. In construing this same section

Collier v. Commonwealth.

of the statute, we held in McDonald v. Com., 86 Ky., 10; 9 R., 230 (4 S. W., 687), that an indictment worded as this one was, not using the word "felonious," was sufficient to sustain a conviction.

4. Section 281 of our Criminal Code of Practice gives to the trial court an unreviewable discretion in acting on motions and grounds for new trials in criminal cases. A defendant convicted of crime is entitled to file his motion and grounds for a new trial at any time before final judgment, and has the right to have that motion and the grounds therein passed upon by the trial court. It is not enough that this court may consider the grounds insufficient. The Legislature has not seen fit to give this court the right to pass on that question. It may appear idle in this case to remand the cause for the sole purpose of requiring the circuit judge to pass upon this motion and the grounds, therein mentioned, in view of the court's action in declining to consider the grounds, or suffer them to be filed. It would appear that the action of the lower court just recited was equivalent to overruling the motion. It may be so in effect. Nor do we intend to intimate that the lower court should have done otherwise, nor, indeed, to indicate our opinion at all on the subject, it being a matter peculiarly and solely in the discretion of that tribunal. But we do mean to say that it is, and may well be, regarded as a substantial right of one accused to have such motion filed and passed on by the trial court, and we can not approve a practice that would abridge that right. For the reasons indicated, the judgment is reversed, and cause remanded, with directions to the circuit court to set aside the judgment, to allow the motion and grounds and affidavits in support thereof to be filed, to be acted on by the cir-

cuit court in sustaining or overruling the motion to grant appellant a new trial of the case, as it may think proper under the circumstances, and for such other proceedings as may be necessary not inconsistent herewith.

Whole court sitting.