## Brown v. Commonwealth.

(Decided October 2, 1923.)

### Appeal from Union Circuit Court.

1. Criminal Law—Permitting Reading of Testimony of Absent Witness at Preliminary Trial Without Authentication Error.—Where accused's absent witness was in the reformatory, and his presence could not be had by reason of lack of funds in the hands of the superintendent of the reformatory, and the court refused a continuance but permitted accused to read the affidavit of the absent witness as his testimony, the court erred in permitting the Commonwealth to read to the jury what purported to be the evidence given by such absent witness at the examining trial, without calling the stenographer who took the testimony at the examining trial, or otherwise verifying the transcript, or proving it to be correct.

2. Homicide—Evidence as to Cause of Death Held Sufficient.—Evidence that accused fired two shots into the body of deceased, that deceased fell to the floor and was carried to an automobile and sent by train to a hospital in another state, that later the body was returned to the place of the homicide for burial, was sufficient to support a finding that death resulted from the pistol shot wounds inflicted by accused.

3. Homicide—Mode of Proof of Malice.—Malice must be proven as any other fact, and may be established by circumstantial evidence.

4. Homicide—Evidence Sufficient to Show Malice.—Evidence that accused and deceased had been quarreling for several days, and as a consequence accused armed himself and went to the hall where he must have known deceased would be, and there shot deceased while he had his hands up as if to indicate a desire for peace, held sufficient to show malice.

W. TRUMAN DRURY and T. S. WALLER, JR., for appellant.

THOS. B. McGREGOR, Attorney General, EDWARD L. ALLEN, Assistant Attorney General, TALBOTT BERRY, Commonwealth's Attorney, L. C. FLOURNOY, JR., and G. E. JONES for appellee.

Opinion of the Court by Chief Justice Sampson—
Reversing.

Appellant, William Brown, was indicted and convicted in the Union circuit court of the crime of wilful murder committed by killing one Tom Adkins by shooting him with a pistol. Both appellant and deceased were colored men. The homicide occurred in August, 1922. Appellant was indicted at the November term and the case continued to March term, 1923. On the calling of the case for trial appellant announced not ready, giving as his reason the absence of Pete Anderson, a witness, a colored boy, confined in the State Reformatory at Greendale. Before the calling of the case appellant had an order entered for the personal attendance of Pete Anderson, and a copy of this order was served upon the superintendent of the House of Reform. The superintendent did not transport the witness to the Union circuit court, giving as his reason, "We have no available funds to send Pete Anderson and officer to Morganfield to appear in court on March 12th. If you will send officer with proper papers we will turn him over to you." Appellant filed his affidavit in support of his motion for continuance, in which affidavit he set out what he expected to prove by the witness, Pete Anderson. The court overruled his motion for a continuance but allowed him to read the affidavit as the deposition of the witness. The Commonwealth objected to the reading of affidavit as the deposition of the witness unless the court would require appellant to allow it to read from the transcript the evidence of the witness, Pete Anderson, given at the examining trial. To this appellant objected but his objection was overruled. When the affidavit was read on behalf of appellant the Commonwealth moved to be allowed to read from the transcript of evidence the testimony of Pete Anderson given on an alleged examining trial, and this motion was sustained by the court over the objection of appellant. Without calling the stenographer who took the testimony at the examining trial or otherwise verifying the transcript or proving the correctness thereof, the Commonwealth, through its counsel, read what purported to be the evidence given by Pete Anderson at the examining trial over the objection of counsel for appellant. No foundation whatever was laid for the introduction of this evidence. This was error; and inas-

much as the evidence contained in the transcript was much less favorable to appellant than was the affidavit, the ruling of the court in allowing the Commonwealth to read from the transcript was prejudicial to the substantial rights of appellant.

Another contention of appellant is, that the Commonwealth introduced no evidence to prove that death resulted from the wounds inflicted by the shots fired by Brown, and argues that the deceased may have come to his death through any other means, for it is not shown that the wounds inflicted by Brown were fatal or that the deceased came to his death thereby. The evidence is not entirely satisfactory upon this point, although we would not disturb the verdict upon this ground, since it is shown by the evidence that Brown fired two shots into the body of deceased; that deceased fell to the floor and was later carried to an automobile and sent by train to a hospital in another state for treatment and surgical operation; that two or three days later the body was returned to the place of the homicide for burial. From these facts we think it reasonably deducible that death resulted from the pistol shot wounds inflicted by appellant Brown. Upon another trial this fact should be clearly established.

Appellant also insists that no malice was shown on his part and that murder could not have been established in its absence. Malice must be proven as any other fact, but it may be established by circumstantial evidence. The evidence clearly shows that Brown and deceased had been quarreling more or less for two days. As a consequence Brown armed himself and went to the hall where he must have known deceased would be. One of the witnesses testified that Brown shot deceased while deceased had his hands up as if to indicate a desire for peace.

There were enough facts proven from which the jury might reasonably have inferred malice.

For the error above pointed out the judgment is reversed for proceedings not inconsistent herewith.

Judgment reversed.