### Blanton v. Commonwealth.

(Decided October 13, 1925.)

Appeal from Laurel Circuit Court.

1. Criminal Law—Notice of Application for Change of Venue, Granted on Personal Knowledge of Court and Written Statement of Commonwealth's Attorney, Unnecessary.—When change of

venue is granted on court's personal knowledge and written state-
ment of Commonwealth's Attorney under Kentucky Statutes, sec-
tion 1112, defendant need not be served with notice of applica-
tion for change, as required by sections 1109-1111, when applica-
tion is made by defendant or commonwealth.

2. Criminal Law—Act Requiring Defendant's Presence During Trial
Inapplicable to Order Changing Venue Before Jury was Im-
paneled and Sworn.—Criminal Code of Practice, section 183, re-
quiring that one indicted for felony be present during trial, does
not apply to preliminary order changing venue before jury was
impaneled and sworn.

3. Criminal Law—Record Held Not to Show that Defendant was
Not Present when Order Changing Venue was Entered.—Record
disclosing that defendant objected and excepted to order chang-
ing venue when entered does not bear out contention that he was
not present at time.

4. Bail—Criminal Law—Defendant on Bail Need Not be Required to
Give New Bail to Confer Jurisdiction on Court to which Venue
is Changed on Commonwealth's Application or Judge's Motion.—
Kentucky Statutes, section 1113, does not require that defendant
on bail be required to give new bail for appearance in court, to
which venue is changed on commonwealth's application or judge's
motion, but terms of original bond are sufficient to give such
court jurisdiction of his person and order changing venue confers
jurisdiction of subject-matter; such section applying only when
defendant is applicant for change.

5. Criminal Law—Witnesses—Admission of Testimony as to Contra-
dictory Statements by One Whose Deposition Corroborated De-
fendant's Testimony Held Reversible Error.—In murder trial,
testimony of state's witness as to contradictory statement, day
after killing, by absent eye-witness, whose deposition, admitted to
prevent continuance, corroborated defendant's testimony as to
why he picked up deceased's pistol immediately after shooting
and took it with him, held so material as to render its admission,
without having laid grounds for contradiction of absent witness,
reversible error.

6. Witnesses—Error to Permit Contradiction of Witness by Proof of
Other Statements, Without Laying Grounds According to Statute.
—It is error to permit contradiction of witness by proof of other
statements by him, unless grounds for contradiction be laid in
conformity with Civil Code of Practice, section 598.

7. Criminal Law—Whether Contradiction of Witness by Proof of
Other Statements is Prejudicial Depends on Facts and Material-
ity of Impeaching Evidence.—Whether error in permitting con-
tradiction of witness by proof of other statements by him, is pre-
judicial depends on facts of each case and materiality and im-
portance of impeaching evidence.

8. Homicide—Instructions Limiting Right of Self-Defense to Shoot-
ing and Wounding Deceased Erroneous.—Instructions limiting de-
fendant's right of self-defense to shooting and wounding deceased

are erroneous; he having right to kill deceased in defending himself.

HALL, LEE & SNYDER for appellant.

FRANK E. DAUGHERTY, Attorney General, and JOHN P. CUSICK for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

Appellant, Jack Blanton, shot and killed Jeff Napier in Harlan county, Kentucky, on August 11, 1924. On August 22nd the grand jury indicted him. On September 3rd an order was entered in the cause changing the venue from Harlan to Laurel county. The trial was had in the Laurel circuit court on November 11, 1924, and resulted in appellant being found guilty as charged. His punishment was fixed at confinement in the penitentiary for life. This appeal is prosecuted from the judgment thereupon entered, and presents the questions hereinafter indicated.

It is insisted for appellant that by the attempted change of venue the Laurel circuit court obtained jurisdiction neither of the subject matter of this cause nor of the person of the defendant and that, therefore, the judgment entered therein should be set aside. We find that sections 1109 to 1126, inclusive, of Carroll's Kentucky Statutes, 1922, relate to change of venue in criminal and penal cases in the circuit courts. Sections 1109, 1110 and 1111 declare how a change of venue may be granted upon the application of the Commonwealth and upon application by the defendant. Section 1112 provides that a change of venue may be granted whenever any circuit judge shall be satisfied from his own knowledge and from the written statement of the Commonwealth's attorney of the district that certain conditions specified by the statute as authorizing a change of venue exist. When the application for a charge of venue is made either by the defendant or by the Commonwealth it is upon petition in writing filed supported by certain affidavits, the hearing to be had only after reasonable notice in writing of the application has been given to the opposing side. When the change of venue is granted under the provisions of section 1112, on the personal knowledge of the court and the written statement of the Commonwealth's attorney, neither petition nor notice is

required. It appears that the order changing the venue of this prosecution from Harlan to Laurel county was entered under the provisions of section 1112, Kentucky Statutes, from the personal knowledge of the circuit court, supported by the written statement of the Commonwealth's attorney. Hence, there was no necessity, as is insisted by appellant, that he be served with notice of the fact that the application for a change of venue would be made.

Again, appellant insists that the order entered changing the venue was ineffective for that purpose because it was entered at a time when he was not present in court. As supporting that contention he relies upon the provisions of section 183, Criminal Code. That section of the Code, as applicable to the question, merely provides that if the indictment be for a felony the defendant *must be present during the trial.* Construing that section of the Code it has been held by this court that a trial for a felony begins when the jury is sworn. (See Willis v. Commonwealth, 85 Ky. 68, 8 Rep. 653; Tye v. Commonwealth, 3 Rep. 59; Collier v. Commonwealth, 110 Ky. 516, 22 Rep. 1929, 62 S. W. 4.) At the time the order changing the venue was entered no trial was in progress, no jury had been impaneled and sworn; hence, the provisions of section 183, Criminal Code, have no application to a preliminary order entered changing the venue of a case. In addition the record does not bear out appellant's contention that he was not present when the order changing the venue was entered. The record discloses that when the order was entered the defendant objected and excepted to it.

Appellant further insists that the order for the change of venue was void and conferred no jurisdiction upon the Laurel circuit court for the reason that the provisions of section 1113 of the statutes were not complied with. That section reads:

"If the applicant or defendant is in custody the order for the change of venue shall be accompanied by an order for his removal by the sheriff or jailer of the county, with such sufficient guard as the judge may direct, and his delivery to the jailer of the county where the trial is to be had. If the applicant or defendant is under recognizance or bond for his appearance, he shall, before the order is granted, give sufficient bail for his appearance at the proper court,

or be surrendered into the custody of the proper
officer.''

The order and judgment of the Harlan circuit court
by which the venue was changed does not indicate
whether defendant was then on bail or in custody. It
neither recited that a new bond was taken for his ap-
pearance in the court to which the venue was changed
nor directed his transfer from the jailer of one county
to that of the other. Upon the day fixed by the order of
the Harlan circuit court for the trial of this cause in the
Laurel circuit court, the defendant appeared by counsel
who announced that they desired to enter the appearance
of the defendant for the sole purpose of demurring to
the proceedings and especially to the jurisdiction of the
court. The order entered thereupon recites that the trial
court was unable to ascertain from the record before him
that the defendant was either in custody or under bond
or recognized for his appearance. The order further
recites, however, that the defendant was there and that
the witnesses were there and the court thereupon had
defendant called and upon his answering committed him
to the custody of the jailer of Laurel county upon the
charge set forth in the indictment, and thereupon over-
ruled the demurrer of the defendant. Appellant objected
and excepted to that order. The orders entered in the
Laurel circuit court further show that thereupon appel-
lant executed bond in the sum of $5,000 and that his sure-
ties consented that he might go at large during the trial
of the case. The Commonwealth answered ready and the
defendant answered not ready on account of the absence
of certain witnesses. Affidavit was made as to what these
absent witnesses would state, and, upon its being agreed
by the Commonwealth that the affidavits might be read
as the depositions of the absent witnesses, the parties
answered ready, the jury was impaneled and sworn and
the trial proceeded with the result above indicated.

It is insisted for appellant that the provisions of
section 1113 are jurisdictional and that for a failure to
observe their requirements the court to which an at-
tempted change of venue is made acquires jurisdiction
neither of the subject matter of the charge nor of the per-
son of the defendant. The court is of the opinion that
appellant misconceives the import of the provisions of
section 1113, *supra*. That section of the statute is appli-
cable only to a state of case where the defendant is the
applicant for the change of venue. It provides what shall

be done if the applicant or defendant is in custody or what shall be done if the applicant or defendant is under recognizance or bond. That section of the statutes has no application when the change of venue is made on the motion of the Commonwealth or on the motion of the court from his own knowledge of conditions under the provisions of section 1112. If the defendant be the applicant and be in custody, necessarily the change of venue would have to be accompanied by an order for a removal by the sheriff or jailer of the county and delivery to the jailer of the county where the trial is to be had. If the applicant be the defendant and be on bond, under section 1113, it is the duty of the court before entering the order to require him to give bond for his appearance in the court to which the venue is changed, or that he be surrendered into the custody of the proper officer. That section, however, applies only when the defendant is the applicant for the change of venue. Of course, if the Commonwealth be the applicant or if the change of venue be granted on the court's own motion and the defendant be then in custody of the jailer of the county wherein the crime was committed, necessarily some order would have to be made by the court changing the venue directing the transportation of the prisoner from the jail where confined to the jail of the county to which the venue was changed; otherwise, the defendant would not be present for trial. Failure to enter that order would not deprive the latter court of jurisdiction, however. But if the defendant be on bail when the application is made by the Commonwealth and notice thereof is given to defendant, as above pointed out, he need not be present at the hearing. His failure to appear at the time and place specified by the notice would not be a violation of any of the terms of his bond, and would not authorize a forfeiture of the bond or the arrest of the defendant. Hence, to hold that section 1113 requires that, on the application of the Commonwealth or on the motion of the judge, before an order changing the venue may be entered, when the defendant is on bail, he shall be required to give a new bail for his appearance in the court to which the venue may be changed would be to hold that a defendant by failing to attend the hearing of the motion could altogether defeat the Commonwealth's efforts to obtain a change of venue. When the defendant is on bond and the application is made by the Commonwealth or the change of venue is ordered on the court's knowledge of the conditions, the

terms of the bond given originally by him are sufficient to give the court to which the venue is changed jurisdiction of the person of the defendant. The terms of the bond are that the defendant will appear and answer the charge and that he will at all times render himself amenable to the orders and processes of the court and if convicted will surrender himself in execution of the judgment, or if he fails in any of those particulars that his bondsmen will pay the Commonwealth of Kentucky the amount fixed as bail. If among other orders the court enters an order changing the venue of a cause, if the defendant be on bond, under the terms of his bond he must render himself amenable to that order or his bond may be forfeited. The record herein transmitted from Harlan to Laurel county contains the warrant issued by the judge of Harlan county for defendant the day after he killed Jeff Napier. An endorsement on it shows that on August 12, 1924, the examination was waived and defendant executed an appearance bond to the third day of the August term of the Harlan circuit court. Not only so, but the record discloses that appellant objected to the order granting the change of venue, showing that the court had acquired jurisdiction of his person. The order shows appellant's appearance in person in the Laurel circuit court on the day fixed for his trial there. If he had been in the custody of the jailer of Harlan county he would not have been there. Thus it appears that when the order changing the venue was entered appellant was before the court and on bond. The change of venue having been granted in consonance with the provisions of section 1112, on the motion of the court from his own knowledge of conditions, supported by the written statement of the Commonwealth's attorney, and the defendant then being on bond, there was no necessity for requiring a new bond. As appellant was not the applicant for the change of venue, the order entered changing the venue conferred jurisdiction upon the Laurel circuit court of the subject matter of the prosecution and the original bond executed by appellant conferred upon that court under the order changing the venue of the cause to it jurisdiction of his person. Therefore, the trial court properly held it had jurisdiction both of the subject matter of this prosecution and the person of the defendant.

It is urged for defendant that the trial court erred in admitting incompetent evidence against him. Prior to the date of the homicide, as appears from the evidence,

deceased and others acting with him on the one side, and appellant on the other, engaged in a difficulty in which appellant was shot and wounded. He appears thereafter as a result of the wound received by him to have been crippled to some extent and to have had to walk with a cane. On the day of the homicide appellant went to the store of Caywood brothers, at Caywood, Kentucky. Deceased was there, but that fact does not appear to have been known by appellant. After appellant had been in the store some fifteen or twenty minutes, during which time he sat near the door on a box, he proceeded through the store house and passed near where deceased was standing. According to the testimony of and for appellant deceased precipitated the fight by cursing appellant as he would have passed, and advancing upon him while drawing his pistol; whereupon appellant to defend himself shot and killed him; that when he shot him deceased fell toward him and the pistol which he had drawn fell at appellant's feet; that not knowing whether deceased was mortally wounded or not and in order to prevent him or any one else from obtaining the pistol deceased had dropped and shooting him, he picked it up and carrying it in the hand in which he carried his cane and his own pistol with which he had shot in his other hand he walked from the store house. The testimony for the Commonwealth tended to establish that appellant shot deceased because of the previous difficulty at a time when deceased was doing nothing to justify his being shot and killed. Appellant's affidavit for a continuance contained the statements admitted as the deposition of the witness, John Brewer, and his testimony exactly corroborated that of appellant as to how the shooting occurred. According to the deposition of that witness, deceased was the aggressor, precipitating the trouble by cursing appellant and by advancing upon him in an aggressive manner while drawing his pistol from his pocket. Thereupon appellant fired two or three times at him. When deceased fell near defendant his pistol dropped at defendant's feet and was picked up and carried by him from the store house in one hand while his own pistol from which he had fired the shots was carried in the other. In order to obtain a trial of the cause at that term, the Commonwealth was required to admit those statements as to the testimony of the absent witness. In rebuttal and over the objection of appellant the Commonwealth was permitted to prove by Jack Howard, without having laid

grounds for the contradiction, that on the next morning after the killing the witness Brewer told Howard that, "After Jack Blanton done the shooting he jumped and grabbed my pistol and I was afraid to keep it from him, and I want to know if it will get me in trouble."

Section 598 of the Civil Code provides:

"Before other evidence can be offered of a witness having made at another time a different statement he must be inquired of concerning it with the circumstances of time, place and persons present as correctly as the examining party can present them."

In view of that express provision of our Code of Practice, it has uniformly been held to be erroneous to permit a witness to be contradicted by showing that he had made statements other than those given in evidence unless grounds for the contradiction be laid in conformity with the section of the Code, *supra*. (See Yates v. Commonwealth, 204 Ky. 552, 265 S. W. 272; Murphy v. May, 9 Bush 33; Wilson v. Commonwealth, 140 Ky. 36, 130 S. W. 793; Higgins v. Commonwealth, 142 Ky. 647, 134 S. W. 1135; Craft v. Commonwealth, 81 Ky. 250, 50 M. Rep. 160.) As to whether or not the error is prejudicial depends upon the facts of each case and the materiality and importance of the evidence in question. The materiality of this evidence for appellant cannot be questioned. No pistol was found upon or about deceased. Appellant's explanation as to why he possessed himself of deceased's pistol before leaving the store house—if he did so—was perfectly reasonable. The absent witness shown by all the witnesses who testified to have been present in the store house is the only witness whose testimony corroborated appellant on that subject. The testimony discloses, however, that the absent witness was perhaps better located to have observed appellant do that than any of the other witnesses. None of the other witnesses who were present in the store house positively stated that appellant did not possess himself of deceased's pistol before leaving the store. The most of them were so situated, according to their own testimony, that on account of the smoke that arose immediately upon the shots being fired they were unable to see what was done. Hence this testimony was so material and important for appellant as to render the incompetent evidence of the witness having made statements different to that testified to highly prejudicial.

Appellant insists that the instruction on self-defense was erroneous in that it limited his right in defending himself to shooting and wounding deceased, and did not advise the jury that in defending himself he had the right to kill deceased. Instructions which so limit a defendant's right to act in his self-defense have heretofore been criticised by this court, and the trial court upon another trial will cure the defect complained of.

For the reasons herein set forth the judgment is reversed and this cause remanded with directions that appellant be granted a new trial and for further proceedings consistent herewith.