## Canter v. Commonwealth.

(Decided May 30, 1933.)

C. A. NOBLE for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Reversing.

Huram Canter was jointly indicted with Dave Asher and Veda Cornett for the crime of robbery. On the day the case was set for trial the three defendants, who were in the custody of the jailer, were brought into court. Cornett and Asher pleaded not guilty when arraigned, and Canter informed the court that he would enter a plea of guilty and accept a sentence of two years in the penitentiary, which it appears the commonwealth's attorney had agreed to recommend. Before the selection of the jury had been completed, it was discovered that Canter had escaped. In administering the oath to the jury to try the defendants Cornett and Asher, the court said: "I may let you pass on Huram Canter before I get through." At the conclusion of the evidence the court orally instructed the jury and sub-

mitted the case as to all three of the defendants. The jury acquitted Cornett but found Canter and Asher guilty and fixed the punishment of each at confinement in the penitentiary for a period of five years. Asher was sentenced and committed to the penitentiary to serve his sentence.

At the following term of court, and before judgment had been entered against him, Canter surrendered himself to the jailer of Perry county and later filed his motion and grounds for a new trial, which was overruled, and from the judgment entered upon the verdict returned at the preceding term of court he has appealed. His principal ground for a reversal is that it was error to try him for a felony in his absence.

Section 183 of the Criminal Code of Practice provides that if the indictment be for a felony the defendant must be present during the trial, but if he escapes from custody after the trial has commenced the trial may either be stopped or progress to a verdict at the discretion of the commonwealth's attorney. The trial begins when the jury is sworn. Willis v. Commonwealth, 85 Ky. 68, 2 S. W. 654, 8 Ky. Law Rep. 653; Collier v. Commonwealth, 110 Ky. 516, 62 S. W. 4, 22 Ky. Law Rep. 1929; Blanton v. Commonwealth, 210 Ky. 542, 276 S. W. 507. Where a defendant voluntarily absents himself from the trial after it has regularly and legally begun, under section 183 of the Criminal Code of Practice, the trial may proceed to a verdict at the discretion of the commonwealth's attorney. In the instant case, however, the appellant was absent when the trial commenced and during all stages of the subsequent proceedings and the provision of section 183 of the Criminal Code of Practice, authorizing the court to proceed with the trial if the defendant escapes after the trial commences has no application. The jury was not even sworn to try appellant, yet the case was submitted as to him. It follows that the trial court erred in overruling his motion for a new trial.

The judgment is reversed for further proceedings consistent herewith.