## Phillips v. Commonwealth.

(Decided March 14, 1933.)

**(As Modified on Denial of Rehearing May 16, 1933.)**

W. C. MARSHALL for appellant.

BAILEY P. WOOTTON, Attorney General, and H. HAMILTON RICE, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

This appeal presents for review the trial of Harry Phillips, in which the jury returned a verdict finding him guilty of voluntary manslaughter and fixing his punishment at confinement in the penitentiary for a period of five years. He was charged by the grand jury of Franklin county, Ky., with the killing of Neville Warford on the night of the 13th of November, 1932.

About 10 o'clock on the night the killing occurred, Allen Warford, a brother of the deceased, Norman Mitchell, Bryan Glass, Russell Quin, and Neville Warford, in an automobile, made a trip to the country and returned to the city of Frankfort about 11 p. m., and went to the restaurant of Phillips' and ate a lunch. As they entered Harry Phillips passed out and stopped outside the door with his arm resting on the railing, near the door, where he remained about fifteen minutes, when they came out of the restaurant. From this point the stories of the parties present, diverge. For the commonwealth it is shown that when Neville Warford came out of the door to where Phillips was standing, he asked Phillips to pay him $150, which he claimed Phillips was owing him. Phillips denied owing the money, and at the same time announced, "Neville, I will kill you," and began to back away with his hand on his hip, and as he did so, Neville went forward after him to grab him, when Phillips shot him. At the time Neville went forward, he had his hands up in a position to grab Phillips, with nothing in either of them.

The evidence in behalf of Phillips is to the effect that Neville Warford, on coming out of the restaurant, said to Phillips, "You pay me that money right now or I will cut your damn head off.",And as he made this statement "he reached with his right hand to his right-hand pocket," when Phillips backed away, Warford following within a foot or two feet of him, cursing and demanding money, when he drew his hand from his pocket, striking and cutting Phillips in the face, drawing blood as he did so. Phillips backed toward the window on the south side, when Warford struck and knocked him against the window; Phillips pulled his pistol, and as Warford struck at him the second time, the pistol fired, shooting and killing Warford. On such conflicting evidence the court properly submitted the case to the jury. It cannot be disputed that the evidence is sufficient to support the verdict of the jury. It is so well established that, when such conflicting evidence is presented, it is proper to submit the case to the jury, and its finding on such contrariety of evidence will not be disturbed by this court, we deem it unnecessary to cite authority enunciating the applicable and controlling rules.

The instructions which were given to the jury have

been approved in many cases, by this court. Phillips, however, argues that the instruction on self-defense improperly failed to define his right of self-defense as to Allen Warford, Norman Mitchell, Russell Quin, and Bryan Glass. It was the testimony of Phillips that he shot Neville Warford to repel the assault being made by Warford. It is not intimated in any evidence in his behalf that these individuals, in any manner, made any demonstration or threat, or that they in any way participated in the occurrence between him and Neville Warford. The court submitted to the jury the question of danger, or apparent danger, of Phillips at the hands of Neville Warford. The court correctly instructed the jury in this respect and properly declined to give an instruction on the theory that he had a right to defend himself against the associates of Neville Warford. Benge v. Com., 71 S. W. 648, 24 S. W. 648, 24 Ky. Law Rep. 1466; Triplett v. Com., 245 Ky. 149, 53 S. W. (2d) 348.

Phillips' trial was concluded and judgment pronounced on the 7th day of April. On the 26th day of April he filed supplemental motion and ground for new trial, supported by affidavits of himself and James Butts McDonald, the substance of which is that on the 20th day of April, McDonald, while engaged in opening a drainpipe leading from the restaurant of Harry Phillips to the sewer, found a silver dime and an open knife under the grating in the sidewalk immediately in front of Effron's store, near the scene of the killing.

The tragedy occurred in November. Phillips' trial and conviction were had at the following April term of court. Motion and grounds for a new trial were pending when McDonald claims "he found immediately under the grating in front of Effron's store, near the corner of the sandwich shop" a knife with the large blade open, together with a silver dime in the basement of Phillips' restaurant immediately beneath the grating in the sidewalk. Practically six months had elapsed from the date of the killing to the finding of the knife by McDonald. Neither the affidavit of Phillips nor McDonald presenting the finding of the knife as grounds for a new trial identify the knife as that of Warford. We are unable to conceive that the finding of the knife by McDonald sheds any light on the issues. Especially is this true when regard is given to the admission of

Phillips that Warford immediately fell on the firing of the shot, which was at a point distant from where the knife was found. But regarding the fact the knife was found by McDonald as relevant, Phillips testified to seeing the knife in the hands of Warford at the time of the affray; therefore the evidence as to the finding of the knife is no more than cumulative evidence. Newly discovered evidence, merely cumulative in character, is not sufficient ground for a new trial (May v. Com., 153 Ky. 141, 154 S. W. 1074; Lewis v. Com., 190 Ky. 160, 227 S. W. 149), unless it is of such decisive nature as is reasonably certain to bring about a different result if a new trial is granted. Hartsfield v. Pace, 189 Ky. 93, 224 S. W. 647; Powell v. Galloway, 229 Ky. 43, 16 S. W. (2d) 492. It is plain that the trial court, in refusing to grant Phillips a new trial on the newly discovered evidence, was within these established rules of practice. In his brief Phillips presents no other ground of reversal.

Perceiving no error prejudicial to his substantial rights, the judgment is affirmed.