# Fleenor v. Commonwealth.

(Decided Oct. 2, 1934.)

C. B. SPICER, FORESTER & CARTER, E. H. JOHNSON, F. M. JONES, W. A. BROCK and JOHN NOLAND for appellant.

BAILEY P. WOOTTON, Attorney General, and DAVID C. WALLS, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY STANLEY, COMMISSIONER— Affirming.

The appellant, Lee Fleenor, then a deputy sheriff

of Harlan county, shot and killed Bige Gross, another deputy sheriff, in the vestibule of the courthouse. He was convicted of manslaughter and sentenced to fifteen years in prison.

Bad feelings had existed between the two men for some time. Threats by the deceased to harm or kill the defendant had been communicated to him. Two days before, Gross had been released on bond under the charge of murdering the defendant's half-brother. He had also shot his sister-in-law. As to the immediate occurrences and as to who was the aggressor the evidence is in conflict. The testimony introduced by the commonwealth showed a premeditated murder without cause, while the defendant and the witnesses presented in his behalf testified that the deceased was attempting to draw his pistol and that self-defense justified the killing. The evidence of the commonwealth is that Gross made no demonstration; that he was shot four times in the right side; and that his pistol was found in his pocket or holster with the safety catch in place and had not been fired. Counsel for the appellant recognize the sufficiency of the evidence to sustain the verdict, but in their brief relate that the atmosphere of the trial was hostile and submit that it was bound to have influenced the jury, which came from Madison county. They point out some discrepancies in the stories told by some of the witnesses for the commonwealth, and say they were biased and gave colored testimony. These things are suggested that the court may understand that any errors committed at the trial thereby became of greater importance than had the conditions been otherwise. Even so, the verdict does not reflect any prejudice, and we are of the opinion that the defendant had a fair trial. See Gray v. Commonwealth, 252 Ky. 830, 68 S. W. (2d) 430. We need to state only briefly the several grounds submitted for a reversal.

Over objection, witnesses were permitted to testify that a little over two years before, when the appellant went to the home of Gross for the purpose of making some arrests, he punched Gross with a rifle and, when he or his companion asked if he was resisting, Fleenor said: "I wish you would resist; I would like to kill you anyhow." One witness put it in vicious language. The court admonished the jury that the evidence was to be regarded only as showing the defendant's state of feel-

ings at the time of the killing and upon the question of motive, if it had such effect. Proof of the state of feeling existing between the defendant and the deceased, as evidenced by their declarations and conduct previous to the killing, is competent for the purpose of showing who commenced the difficulty which resulted in the homicide, although details of previous dissensions are not to be gone into. Lay v. Commonwealth, 186 Ky. 163, 216 S. W. 123; McCandless v. Commonwealth, 170 Ky. 301, 185 S. W. 100; Frazier v. Commonwealth, 194 Ky. 240, 238 S. W. 769; Cannada v. Commonwealth, 242 Ky. 71, 45 S. W. (2d) 834; Conn v. Commonwealth, 245 Ky. 583, 53 S. W. (2d) 931; Hilger v. Commonwealth, 254 Ky. 117, 71 S. W. (2d) 9. We cannot concur in the view that this was too remote in time, for there was evidence that bad feelings had existed between the men since that date. Nor does it offend the rule against relating previous difficulties in much detail.

It was testified that about an hour before the shooting, the defendant asked a deputy in the sheriff's office if he had any liquor there. Counsel argue that their objection should have been sustained to this evidence and that the error became prejudicial when the defendant was interrogated on cross-examination as to whether his purpose in going to a certain place during the morning was to obtain moonshine, and that the admission of both items of evidence permitted the acting commonwealth's attorney to argue that the defendant was drinking at the time of the killing, whereas there was no other evidence to indicate that he was. The defendant denied having inquired for liquor, and the answer of the witness was that he did not secure it, so the effect was to his benefit. The evidence was competent, as it is always permissible to show the state or conduct of the defendant at the time of the difficulty in respect to drinking, and, while this evidence was slight, it may have had some tendency in that direction. Whether so or not, we can conceive no prejudicial effect from its admission. Caudill v. Commonwealth, 217 Ky. 403, 289 S. W. 371; Woodall v. Commonwealth, 244 Ky. 320, 50 S. W. (2d) 939.

The defendant offered to prove that during the morning he was in the sheriff's office and, knowing that Gross and some of his kinsmen were in the lobby of the building, he said he was scared to go out alone, and to prove that he remained in the office until Gross had

gone. It is said that this would corroborate the defendant and his other witnesses that the deceased was threatening him and was seeking to kill him, while he (the defendant) was avoiding him. To have admitted this testimony would have been to violate the rule against proving self-serving acts and declarations. They are admissible only when part of the res gestæ. Roberson's Criminal Law, secs. 500, 1723; Underhill's Criminal Evidence, secs. 166, 205; Cornett v. Commonwealth, 156 Ky. 795, 162 S. W. 112.

Finally, it is submitted that appellant was entitled to another trial upon the ground of newly discovered evidence. T. F. Johnson made an affidavit that about thirty minutes before the killing Gross was at the west entrance of the courthouse (where the killing occurred), and asked him if he had seen Fleenor in town that day. Johnson went inside and saw him in the sheriff's office or the lobby. He proceeds, however, to relate the exact route which Gross took when he left the courthouse and walked around town in the meantime, and that he returned to the west entrance and sat down on the curbing. This testimony could have added nothing new, and had the witness been presented it would simply have been the reiteration of substantially the same story which the jury heard. It is a familiar rule that new trials will not be granted upon evidence which is merely cumulative unless it is of such decisive nature that it is reasonably certain there would have been or may be a different result. Phillips v. Commonwealth, 248 Ky. 643, 59 S. W. (2d) 552. This cannot be so classed.

Wherefore the judgment is affirmed.