**Charles HATTON, Appellant,**

v.

**COMMONWEALTH of Kentucky, Appellee.**

Court of Appeals of Kentucky.

March 3, 1967.

H. M. Shumate, Shumate, Shumate & Flaherty, Irvine, for appellant.

Robert Matthews, Atty. Gen., Lacey T. Smith, Asst. Atty. Gen., Frankfort, J. D. Graham, Campton, for appellee.

STEINFELD, Judge.

Charles Hatton was found guilty of manslaughter and his punishment was fixed at five years in the state penitentiary. He moved to set the verdict and judgment aside which motion was overruled and he has made timely appeal to this Court.

There is little dispute concerning the facts. Charles is 44 years old, his right leg has been amputated above the knee and he uses an artificial leg. He has had recurrent stomach problems including bleeding from

the stomach and he has moderately advanced tuberculosis.

About 12:30 P.M. on July 11, 1966, Charles Hatton, Billy Hatton and Elvin Logan started out in an automobile. Billy was driving and all, or at least a number of these men, had been and continued drinking very heavily. Billy was 30 years of age, very strong and robust; was 6' 2" tall and weighed 185 pounds. They made various stops and no trouble was observed. About 3:00 P.M. the automobile passed in front of the residence of Little Hatton who was sitting on his front porch. At this time Billy was driving, Charles was sitting upright in the front seat with him and Elvin was sitting upright in the back seat. When the car was about 275 yards beyond the place where Little was, it came to a sudden stop, making a noise as if the bottom of the car was dragging. Shortly thereafter Charles came down the road on foot and asked Little to get a doctor for Billy. Charles said to Little that he hoped he had not killed Billy.

Charles claims that Billy became violent at the time the car stopped, began beating him and threatened to kill him. Charles stated that he stuck Billy with a knife, although he claims he did not intend to do more than stick him and that the knife was displayed only for the purpose of discouraging Billy from further assaulting him. Elvin testified that the two seemed to be friendly when he laid down but he was "knocked out" and knew nothing of the killing. He was found on the floor of the back seat of the car where he apparently was thrown as the car stopped. He awakened in jail. It is apparent that his testimony is not significant because of his physical condition at that time. Billy was cut in the neck and bled to death. No one else except Charles testified to what occurred at the time of the alleged assault by Billy and the use of the knife by Charles.

The first ground that Charles urges in an effort to obtain a reversal of the judgment is that the trial court erred in permitting the introduction of incompetent evidence which was highly prejudicial. Charles testified in his own behalf. He was asked on cross-examination whether he had ever cut Billy before. Objection was made to this question which objection was overruled. The questions and answers and the trial court's ruling were as follows:

"Q. Did you ever cut him before with a knife?

A. I nicked him on the leg with a knife.

Q. Didn't you cut him on the chest with a knife before this?

A. No, sir.

Q. You didn't?

A. No.

COURT: This will go only to affect the credibility of the witness, ladies and gentlemen of the jury.

Q. Didn't you cut his shirt off of him trying to cut him in the chest one time?

A. No, sir, he come down to the house with me one time and some of them said, 'What happened to your shirt, Billy?' and he said, 'Charlie there cut it off of me.' and I said, 'I haven't been with you.' and he just laughed.

Q. The shirt was cut off of him?

A. No, sir, it had a little place in it."

Charles contends that under the rules announced in Jackson v. Commonwealth, Ky., 323 S.W.2d 874 and Fleenor v. Commonwealth, 255 Ky. 526, 75 S.W.2d 1, the above quoted testimony should not have been admitted because of the failure of the Commonwealth to show that the previous occurrence was not remote in time. Charles argues that in Jackson and Fleenor this Court held that prior quarrels which occurred respectively four hours ahead of the alleged crime charged and two years before were not admissible in evidence. The

Commonwealth argues that testimony showing the previous acts is competent since it was offered to show motive or intent. The Commonwealth relies on Louisville & N R Co. v. Berry, 9 Ky.Law Rep. 683 and Whitfield v. Commonwealth, 265 Ky. 640, 97 S.W.2d 565.

■ The Commonwealth contends further that this Court has been liberal in permitting the introduction of testimony showing "prior bad feeling". It argues that the time of the previous cutting is immaterial; that time affects the weight of the evidence and not its admissibility. The Jackson case is not applicable for it merely held that it was proper to exclude testimony of what the deceased had told the witness about an incident which occurred several hours before the first altercation between the accused and the deceased. The Fleenor case approved the admission in evidence of an occurrence two years before the killing, and held that this evidence was not too remote in time for the reason that "there was evidence that bad feelings had existed between the men since that date." It also held that it was proper to reveal such previous conduct "for the purpose of showing who commenced the difficulty which resulted in the homicide." Hilger v. Commonwealth, 254 Ky. 117, 71 S.W.2d 9. We do not have to consider the contention that this testimony was not admissible for Charles' counsel had the opportunity to interrogate the witness as to when this previous incident occurred, but failed to do so. He cannot now complain that the time was not shown.

■ To refute appellant's contention that the admonition was improper appellee relies upon Warner v. Commonwealth, 27 Ky.Law Rep. 219, 84 S.W. 742 and points out that no admonition was needed, but since one was given it was in a form not prejudicial to appellant but on the contrary beneficial to him. We agree. Whitfield v. Commonwealth, supra.

The next question is whether or not Charles was entitled to a directed verdict at the conclusion of all of the evidence. He claims that on the day Billy was killed no prior trouble was observed by anyone; that the uncontradicted testimony shows that Billy "slammed the car to a stop" and said that he would beat Charles to death and that thereafter he began to assault him. Elvin, the only other person present when the fight occurred was on the floor and while he testified that he saw part of the beating he did not see the killing. We repeat that Elvin was so intoxicated or in shock that his testimony can be given no credence. Charles points out that immediately after the incident he sought a doctor and he expressed the hope that he had not killed Billy.

Charles insists further that the Commonwealth offered no competent evidence to show that the homicide was not committed in self-defense. He admits that the homicide was established but claims that the uncontradicted evidence shows that he was under attack and in fear of his life. He cites Taul v. Commonwealth, Ky., 249 S.W.2d 45 and Holcomb v. Commonwealth, Ky., 280 S.W.2d 499 as authority for the contention that he was entitled to a directed verdict at the conclusion of the evidence. He also relies on Cowan v. Commonwealth, Ky., 407 S.W.2d 695 to support his position.

■ In the Taul case the proof showed that there had never been any previous trouble between Taul and Armes, the deceased. We announced the law to be that "Where the defendant is shown to have committed the act of killing, and he pleads self-defense, it is incumbent upon him to establish justification unless the evidence, presented by the prosecution, shows a state of facts justifying the act." Charles is shown to have committed the act of killing and he pleads self-defense. It was incumbent upon him to establish justification since the evidence of the Commonwealth did not show facts establishing justification. Harvey v. Commonwealth, Ky., 318 S.W.2d 868; Ewing v. Commonwealth, Ky., 390 S.W.2d 651.

The Holcomb case holds that when the defendant admits a killing (which Charles admitted) and relies upon self-defense (as Charles does here), if there is no evidence contradictory of defendant's it is the duty of the trial court to direct the acquittal of the defendant. We must now determine whether or not the evidence presented an issue of fact.

The Commonwealth points out that Elvin testified that before he went to sleep he took a drink and he didn't know whether or not Charles and Billy took a drink. His words were "I believe they slacked up. I believe they took a drink too." The questions and answers following this testimony were as follows:

"Q. Then they were trying to fight and they stopped to take a drink?

A. Not all at the same time.

Q. They were friendly at the time you laid back down there?

A. Seemed to be.

Q. Then when you woke up Billy was killed?

A. When I woke up I was in jail over here."

Certainly this testimony, if it can be considered, neither corroborates Charles nor aids the Commonwealth. The evidence clearly shows that Elvin was in such a stupor at that time that he did not know what was going on.

While there was some evidence to show that Charles had been in a fight, it alone did not indicate whether or not Charles was acting in self-defense in using his knife. The injuries could just as well have been sustained when Billy was resisting Charles' efforts, if any there were to stab or cut him, or have resulted from a beating which Billy was administering to Charles.

The Commonwealth counters by claiming that there was sufficient evidence for the case to go to the jury. It urges that the testimony of Elvin shows that when he last observed Charles and Billy they were on friendly terms and that they were drinking together. There was also conflicting testimony as to whether or not there were bruises on Charles' body showing he had been beaten. The Commonwealth relies upon Richie v. Commonwealth, Ky., 242 S.W.2d 1000 and Lee v. Commonwealth, Ky., 329 S.W.2d 57 in support of its argument. In Richie we said: (242 S.W.2d 1000, p. 1004)

" * * * We have many cases holding that though the defendant, who was the sole immediate eyewitness, testifies to a prima facie case of self-defense, yet if there is any evidence tending to disprove his testimony, the issue should be submitted to the jury. The circumstances of the case, or the credibility of the witness, or the inherent improbability of his testimony, may refute the claim that he killed the person in defense of his life, or to save himself from serious bodily harm."

We believe that there was evidence tending to disprove Charles' claim of self-defense. Hence, there was an issue to be resolved by the jury.

The third assertion of Charles is that the verdict is flagrantly against the weight of the evidence because, he says, there was no evidence of probative value that this homicide was not committed in the exercise of appellant's right of self-defense. To the contrary, the Commonwealth argues that Richie v. Commonwealth, supra, and Lee v. Commonwealth, supra, are authorities for the proposition that the circumstances and probabilities presented in this instance were sufficient to have authorized the trial court to send the case to the jury and to sustain the verdict rendered. We find ample evidence to support the verdict.

The fourth and last argument of Charles is that the trial court's instructions

failed to give to the jury the whole law of the case, or the proper law of the case. Instruction number 1 followed the form in Kentucky Instructions to Juries, Stanley Volume 3, page 146 section 868(1). Instruction number 2 furnished the jury with the definitions which this Court has approved. Instruction number 3 properly presented to the jury Charles' contention that he acted in self-defense. It substantially followed Stanley's form number 891. The jury was also told that if it had reasonable doubt as to whether or not the defendant had been proved guilty he should be found to be not guilty. We find no merit whatsoever in the argument that the instructions were erroneous.

The judgment is affirmed.

All concur.