RENDERED: MARCH 15, 2024; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1363-MR

RICHARD GIST                              APPELLANT


             APPEAL FROM JEFFERSON CIRCUIT COURT
v.         HONORABLE SUSAN SCHULTZ GIBSON, JUDGE
            ACTION NOS. 22-CR-000033 AND 22-CR-000650


COMMONWEALTH OF KENTUCKY                APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: LAMBERT, McNEILL, AND TAYLOR, JUDGES.

McNEILL, JUDGE: Richard Gist ("Gist") appeals from a judgment convicting him of fourth-degree assault, violation of a protective order, and being a first-degree persistent felony offender ("PFO") and sentencing him to eighteen years' imprisonment. After careful review, we affirm.

## BACKGROUND

Gist was indicted by a Jefferson County Grand Jury of first-degree strangulation, fourth-degree assault, violation of a protective order, and first-degree

PFO. A jury trial was held August 30, 2022-September 2, 2022. According to the evidence at trial, Gist and Sonia Wharton ("Wharton") met in 2010 and later started dating. In 2019, Gist became aggressive, and Wharton obtained a protective order against him. Despite the protective order, the parties reconciled and continued seeing each other.

On the evening of October 26, 2021, Gist and Wharton were arguing and things got physical. Wharton testified that Gist had been in a bad mood all afternoon but when she would not lay down with him, he prevented her from leaving the apartment. He became irate and started yelling at her. He grabbed her by the hair and yanked her to the ground, pulling out some of her braids. He also grabbed her around the neck and pushed her into the wall, knocking her head against the wall.

Although unclear if the same incident, Wharton claimed Gist grabbed her by the neck and pushed her into the wall in the bathroom, causing the porcelain sink to break. She testified he pushed her into the wall several times. When he put his hands around her neck she could not breathe, and it was painful. Gist also spit on her, several times, and smacked her in the face.

Wharton testified the assault occurred periodically throughout the night. Around 1:00 p.m. the next day, Wharton managed to escape and contact the police. The jury convicted Gist of fourth-degree assault, violation of a protective

order, and first-degree PFO and sentenced him to 18 years' imprisonment. This appeal followed. Additional facts are set forth as necessary below.

**ANALYSIS**

Gist makes three arguments on appeal: (1) the trial court erred in admitting evidence of prior domestic violence; (2) the court's fourth-degree assault instruction violated his right to a unanimous verdict; and (3) the trial court violated the "rule of completeness" when it prohibited him from playing a portion of a phone call introduced in the Commonwealth's case-in-chief. We address each in turn.

**1. Evidence of Prior Domestic Violence**

"The standard of review of an evidentiary ruling is abuse of discretion." *Anderson v. Commonwealth*, 231 S.W.3d 117, 119 (Ky. 2007) (citation omitted). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

Before trial, the Commonwealth provided notice of its intent to offer KRE[1] 404(b) evidence of prior domestic violence between Gist and Wharton. The Commonwealth argued the evidence was relevant to Gist's intent to cause physical

---

[1] Kentucky Rules of Evidence.

injury, absence of mistake or accident, and to provide context for the protective order that was in place at the time. Gist moved to exclude the evidence as improper character evidence. The trial court ruled the evidence was relevant to show why a protective order was in place but excluded any details of the domestic violence. Essentially, the court ruled it would allow evidence for the limited purpose of showing Gist's knowing violation of a protective order, since he was charged with two counts of violating a protective order.

At trial, Wharton testified that she took out a protective order because Gist "was aggressive" and that she later broke up with him because she had never been in an "abusive" relationship before. She also told the jury about previous times Gist had been "aggressive," but no details were given. Gist now argues this evidence violates KRE 404(b).[2] Assuming, without deciding, the introduction of this evidence was error,[3] it was harmless. "A non-constitutional evidentiary error

---

[2] Gist preserved this error for our review by objecting to the admission of evidence of past domestic violence before trial. *See Jenkins v. Commonwealth*, 607 S.W.3d 601, 612 (Ky. 2020) (citation omitted) (holding that objections made before trial are sufficient to preserve a matter for appellate review if the objection is specific both "as to the matter objected to and as to the grounds of the objection[,]" such that "the question was fairly brought to the attention of the trial court").

[3] "[A]s a general rule prior bad acts of a similar nature committed by the defendant against the victim will usually be admissible . . . ." *Driver v. Commonwealth*, 361 S.W.3d 877, 884 (Ky. 2012). However, such acts "are not admissible when the conduct occurred too remote in time to fairly represent any reasonable application to the present crimes." *Id.* (citation omitted). In *Barnes v. Commonwealth*, 794 S.W.2d 165, 166 (Ky. 1990), our Supreme Court "disapproved the admission of prior acts of physical violence which, the most recent being approximately four and a half years old, were too 'remote in time,' to hold much probative worth." *Driver*, 361 S.W.3d 884. Here, the most recent alleged incident of domestic violence was three and a half

-4-

may be deemed harmless . . . if the reviewing court can say with fair assurance that the judgment was not substantially swayed by the error." *Winstead v. Commonwealth*, 283 S.W.3d 688, 689 (Ky. 2009).

We are confident Gist's conviction for fourth-degree assault was not substantially influenced by any error in Wharton's testimony. Wharton gave no specifics of the prior domestic violence, saying only that Gist had previously been "aggressive" and that she had been in an "abusive relationship." The jury would have assumed this much from the fact a domestic violence order was in place, which the court ruled Wharton could testify to.[4] This general language would not have substantially swayed the jury's determination.

## 2. Unanimous Verdict

Gist next argues the trial court's fourth-degree assault instruction violated his constitutional right to a unanimous verdict, citing *Johnson v. Commonwealth*, 405 S.W.3d 439, 443 (Ky. 2013), *overruled on other grounds by Johnson v. Commonwealth*, 676 S.W.3d 405 (Ky. 2023).[5] Specifically, he argues

---

years ago. Whether an act's remoteness outweighs its probative value is "ordinarily . . . left to the trial court's sound discretion depending upon the facts of the individual case." *Id.* This question was not put before the trial court explicitly by the parties. However, the court did appear to conduct a KRE 404(b) balancing test, excluding details of the prior assaults but allowing evidence that Gist had previously violated the protective order.

[4] Gist has not challenged this ruling.

[5] Gist preserved this argument by objecting to the trial court's jury instructions on the morning of trial. Although the language ultimately used by the court, and now complained of, was tendered

the jury instruction allowed the jury to find he was guilty of causing physical injury in three different ways, thereby creating a unanimity issue, because there is no way of knowing which act served as the basis of the fourth-degree assault conviction.

"Section 7 of the Kentucky Constitution guarantees criminal defendants the right to unanimous jury verdicts." *Sexton v. Commonwealth*, 647 S.W.3d 227, 231 (Ky. 2022). "Alleged unanimity errors are questions of law. Such errors are therefore reviewed de novo." *Id.* (citing *Sargent v. Shaffer*, 467 S.W.3d 198, 204 (Ky. 2015), *overruled on other grounds by University Medical Center, Inc. v. Shwab*, 628 S.W.3d 112 (Ky. 2021)).

As an initial matter, the Commonwealth argues Gist waived any error in the jury instructions because the language used by the court was taken from his tendered jury instruction. He cites *Rudd v. Commonwealth*, 584 S.W.3d 742, 746 (Ky. 2019) and *Thornton v. Commonwealth*, 421 S.W.3d 372, 376 (Ky. 2013), for the proposition that a defendant invites error "by affirmatively proposing an instruction that contains the very defect he now opposes." *Thornton*, 421 S.W.3d at 376. However, in both of those cases, the defendant did not object to the error. Here, even though Gist proposed the challenged language, he later objected to its

---

by Gist, he stated his objection to the court's use of this language, specifically noting his concern about juror unanimity. We find this sufficient to preserve the issue for our review.

-6-

use. We believe this is an important distinction, and thus we find Gist did not waive this issue for our review.

The fourth-degree assault instruction stated:

You will find the Defendant, Richard D. Gist, guilty under this Instruction if, and only if, you believe from the evidence beyond a reasonable doubt all of the following:

(A) That in Jefferson County, Kentucky on or between October 26, 2021, and October 27, 2021, the Defendant caused physical injury to Sonia Wharton by slamming her head into the wall, dragged her by her braids, or striking her with his hands in the face;

(B) That in so doing, he acted:

1) Intentionally

OR

2) Wantonly.

Physical injury was further defined as "substantial physical pain or any impairment of physical condition."

In *Johnson*, the victim suffered two injuries at the hands of the defendant at two different times but was only charged with one count of first-degree criminal abuse. Either injury was sufficient to support a conviction. "The jury instruction, however, [did] not specify which of the leg fractures the jury should have considered in determining whether to convict Appellant of the offense." *Johnson*, 405 S.W.3d at 448. Our Supreme Court noted

> the jury instruction described a two-month period in which the abuse allegedly occurred. But the proof in this case showed two instances of abuse – the second and third leg fractures – during that time frame. The instruction itself did not require the jury to differentiate which of the two instances was the basis of the conviction.

*Id.* at 449. The Court then held "a general jury verdict based on an instruction including two or more separate instances of a criminal offense, whether explicitly stated in the instruction or based on the proof – violates the requirement of a unanimous verdict." *Id.*

However, *Johnson* is distinguishable from this case. In that case, the injuries occurred over a period of two months. Here, Wharton's injuries occurred in a single reign of terror "off and on, all night[.]" We believe the reasoning in *Cox v. Commonwealth*, 553 S.W.3d 808, 813 (Ky. 2018), is more applicable to the facts of this case.

In *Cox*, defendant was charged with murdering his infant son. The jury instruction allowed the jury to convict defendant if they believed he caused the death of his son by "hitting, shaking or both[.]" *Id.* at 811. Defendant alleged error because the instructions "failed to require the jury reach a unanimous decision on the specific physical act" that caused the child's death. *Id.* Our Supreme Court rejected defendant's "argument that principles of jury unanimity require such specific fact-finding by the jury." *Cox*, 553 S.W.3d at 811.

The Court quoted *Richardson v. United States*, 526 U.S. 813, 818, 119 S. Ct. 1707, 1710, 143 L. Ed. 2d 985 (1999), at length:

> Crimes are made up of factual elements, which are ordinarily listed in the statute that defines the crime. A (hypothetical) robbery statute, for example, that makes it a crime (1) to take (2) from a person (3) through force or the threat of force (4) property (5) belonging to a bank would have defined the crime of robbery in terms of the five elements just mentioned. Calling a particular kind of fact an "element" carries certain legal consequences. The consequence that matters for this case is that a jury in a . . . criminal case cannot convict unless it unanimously finds that the Government has proved each element.
>
> [A] . . . jury need not always decide unanimously which of several possible sets of underlying brute facts make up a particular element, say, which of several possible means the defendant used to commit an element of the crime. Where, for example, an element of robbery is force or the threat of force, some jurors might conclude that the defendant used a knife to create the threat; others might conclude he used a gun. But that disagreement – a disagreement about means – would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element, namely, that the defendant had threatened force.

*Cox*, 553 S.W.3d at 812-13.

It then noted the question of whether a unanimous verdict violation occurs "depends on whether a particular kind of fact constitutes a 'factual element[] . . . listed in the statute that defines the crime.'" *Id.* at 813. Analyzing the language of Kentucky's murder statute, the Court reasoned "[a] conviction for murder . . . does not require the fact-finder to determine the precise physical act . . .

-9-

that was the actual cause of [the child's] death. All that must be shown . . . is that the defendant did *something* to cause the death of the victim." *Id.* It continued, "the specific physical act that [defendant] performed to cause [child's] death is not the 'factual element[ ] . . . listed in the statute that defines the crime;' rather, *causing the death* is." *Id.*

Similarly, here, KRS[6] 508.030 only requires the jury to find that Gist "intentionally or wantonly caused physical injury" to Wharton. It does not require the jury to determine the precise physical act – whether slamming her head into the wall, dragging her by her braids, or striking her in the face – that caused physical injury. Causing physical injury is the "factual element[] . . . listed in the statute that defines the crime." *Cox*, 553 S.W.3d at 813. The means by which Gist caused physical injury is inconsequential, if twelve jurors agreed he did so. We find no error.

## 3. Rule of Completeness

Finally, Gist argues the trial court erred in prohibiting him from playing a portion of a phone call introduced during the Commonwealth's case-in-chief pursuant to KRE 106. "A trial court's ruling under KRE 106 . . . is discretionary." *Schrimsher v. Commonwealth*, 190 S.W.3d 318, 330 (Ky. 2006) (citations omitted).

---

[6] Kentucky Revised Statutes.

Known as the "rule of completeness," KRE 106 provides that "[w]hen a writing or recorded statement or part thereof is introduced by a party, an adverse party may require the introduction at that time of any other part or any other writing or recorded statement which ought in *fairness* to be considered contemporaneously with it." (Emphasis added.) "In determining fairness, the issue is whether the meaning of the included portion is altered by the excluded portion." *Sykes v. Commonwealth*, 453 S.W.3d 722, 726 (Ky. 2015) (internal quotation marks and citations omitted). The rule's purpose is to "put[] the statement in its proper context and avoiding a misleading impression. . . ." *Soto v. Commonwealth*, 139 S.W.3d 827, 865-66 (Ky. 2004).

The Commonwealth played for the jury a portion of a phone call between Gist and an unidentified woman in which Gist says he "snatched that motherfucking bitch by her nappy ass weave . . . [and] pulled out some hair. . . ." Gist moved under KRE 106 to play a portion immediately prior to the statement where he claims Wharton told him "you're going to jail." He argued the excluded portion changed the meaning of his statement, explaining why he pulled Wharton's hair. The Commonwealth objected, citing *Schrimsher*, 190 S.W.3d at 331. The trial court agreed and excluded the other portion of the call.

On appeal, Gist argues that without the excluded portion, the statement introduced by the Commonwealth is misleading, because it appears that

he admitted to intentionally pulling out her hair. He claims the excluded portion shows that he "did not intentionally or wantonly assault Sonia Wharton, but that an argument . . . ensued after Sonia Wharton . . . barged into his home." In support, he cites *Sykes*, 453 S.W.3d 722.

*Sykes* is distinguishable, however. In that case, the excluded statements were exculpatory, suggesting the defendant did not possess the requisite intent to murder the victim. Here, Gist's statement that Wharton told him he was going to jail prior to the assault, even if true, was not exculpatory. Gist's motivation does not alter the fact that he intentionally pulled out Wharton's hair. His statement that he grabbed Wharton by the hair is not misleading without a potential reason why.

"[B]y introducing a portion of a defendant's confession in which the defendant admits the commission of the criminal offense, the Commonwealth [does not] open[] the door for the defendant to use the remainder of that out-of-court statement for the purpose of asserting a defense without subjecting it to cross-examination." *Schrimsher*, 190 S.W.3d at 331 (quoting *Gabow v. Commonwealth*, 34 S.W.3d 63, 69 n.2 (Ky. 2000)). Gist could have cross-

examined Wharton on whether she made such a statement, but he did not.[7]  We find no abuse of discretion.

Based upon the foregoing, the judgment of the Jefferson Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jennifer E. Hubbard
Leo G. Smith
Louisville, Kentucky

BRIEF FOR APPELLEE:

Daniel Cameron
Attorney General of Kentucky

Melissa A. Pile
Assistant Attorney General
Frankfort, Kentucky

---

[7] In passing, Gist appears to argue the court wrongly prohibited him from cross-examining Wharton on the excluded statement, however, he does not cite where this occurred, or where this argument was preserved, in the record.  Therefore, we decline to address the issue. *See Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (internal quotation marks and citation omitted) ("An appellate court is without authority to review issues not raised in or decided by the trial court.").