RENDERED: JULY 18, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0135-MR

MICHAEL FUGATE                                                                            APPELLANT

v.           APPEAL FROM BREATHITT CIRCUIT COURT
HONORABLE LISA HAYDEN WHISMAN, JUDGE
ACTION NO. 22-CR-00098

COMMONWEALTH OF KENTUCKY                                          APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: THOMPSON, CHIEF JUDGE; ACREE AND A. JONES, JUDGES.

JONES, A., JUDGE: Michael Fugate appeals his conviction for burglary, second

degree, and criminal mischief, second degree, based on his assertion that the trial

court improperly admitted of evidence of his prior convictions in violation of KRE[1] 404(b). After careful review, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Michael lived near Melinda Oaks in Breathitt County. Melinda's granddaughter, Caitlin Sheldon, began a relationship with Michael and the couple had three children. Caitlin and the children moved in with Melinda. Although Michael never resided in Melinda's home, he frequently visited his children and Caitlin. The relationship between Melinda and Michael was acrimonious and resulted in Michael receiving two convictions for terroristic threatening against Melinda (Breathitt District Case Nos. 18-M-00232 and 19-M-00503).

On May 3, 2022, Michael arrived at Melinda's home in a state of rage and entered the home without permission by breaking through the front door, resulting in damage. Once inside, Michael broke Melinda's telephone and told her he was going to burn down her home and kill her family. Melinda filed a criminal complaint following the incident. On October 4, 2022, a grand jury indicted Michael on four counts: 1) burglary, second degree; 2) criminal mischief, first degree; 3) terroristic threatening, third degree; and 4) persistent felony offender ("PFO"), second degree. The Commonwealth dismissed the PFO charge before trial, and also filed a notice of intent to introduce evidence of Michael's prior

---

[1] Kentucky Rule of Evidence.

convictions to show preparation, plan, and absence of mistake or accident pursuant to KRE 404(c). In addition to 18-M-00232 and 19-M-00503, the Commonwealth sought to introduce Breathitt District Case No. 19-M-00341, in which Michael was convicted of assault, fourth degree, and harassment. The victim was Carrie Juett, who is Melinda's daughter and Caitlin's mother. Michael did not file a response to the Commonwealth's notice, but on the morning of trial, objected to introduction of the prior convictions. Counsel argued 18-M-00232 and 19-M-00503 were too remote in time and unduly prejudicial. Counsel also objected to introduction of Michael's conviction in 19-M-00341 because the victim was not Melinda. The Commonwealth argued the prior convictions showed plan and absence of mistake based upon Michael's use of unique language in each instance that he was going to burn Melinda's house down and kill her family. The trial court allowed introduction of 18-M-00232 and 19-M-00503, but agreed with Michael and ruled that 19-M-00341 involving Carrie was not admissible.

At trial, Melinda testified regarding the events of May 3, 2022, and the facts surrounding Michael's convictions in 18-M-00232 and 19-M-00503, including that he threatened to burn her house down and kill her family in each instance. The Commonwealth also entered the criminal complaint and order of conditional discharge for each offense. Michael testified on his own behalf. Not only did he deny breaking into Melinda's home, damaging her property, and

threatening her, but denied being at her home altogether on the date in question. Michael admitted to pleading guilty to terroristic threatening in 18-M-00232 and 19-M-00503, but testified he only did so to not "publicly humiliate" Melinda for lying about the accusations. Micheal testified he believed Melinda would stop at nothing to keep him away from Caitlin and his children, including filing false criminal complaints.

Michael also testified there was no domestic violence in his relationship with Caitlin. On cross-examination, the Commonwealth sought to introduce Michael's conviction in 19-M-00341 to impeach his testimony. The trial court allowed introduction of the conviction for the purpose of impeachment. The Commonwealth called Carrie Juett, who testified that, on August 16, 2019, she was at Melinda's home and saw Michael choking Caitlin. Carrie testified that when she attempted to intervene, Micheal assaulted her, causing physical injury. The criminal complaint and final order from 19-M-00341 were entered into evidence.

The jury found Michael guilty of burglary, second degree; criminal mischief, second degree; and acquitted him on the charge of terroristic threatening. The jury recommended a sentence of ten years' imprisonment, which was imposed by the trial court. This appeal followed.

## II. STANDARD OF REVIEW

Generally,

-4-

[t]he standard of review on evidentiary issues is abuse of discretion. *Clark v. Commonwealth*, 223 S.W.3d 90, 95 (Ky. 2007); and *Commonwealth v. English*, 993 S.W.2d 941, 945 (Ky. 1999). "The test for abuse of discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Goodyear Tire and Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

*Baker v. Commonwealth*, 320 S.W.3d 699, 703 (Ky. App. 2010).[2]

### III. ANALYSIS

On appeal, Michael makes two related arguments: 1) introduction of his prior convictions violates KRE 404(b); and 2) the trial court erred by admitting certified copies of his prior convictions. We disagree.

KRE 404 provides, in relevant part,

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible:

(1) If offered for some other purpose, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident; or

(2) If so inextricably intertwined with other evidence essential to the case that separation of the two (2) could not be

---

[2] Michael asks for palpable error review specifically in regard to Melinda's testimony related to the prior convictions. However, because the Commonwealth's notice of intent to introduce evidence of the prior convictions did not specify *how* the evidence would be introduced, and Michael objected generally, we do not deem the issue unpreserved.

accomplished without serious adverse effect on the offering party.

To determine the admissibility of evidence of prior crimes, the trial court must inquire into the relevance, probativeness, and prejudice associated with the evidence. *Bell v. Commonwealth*, 875 S.W.2d 882, 889 (Ky. 1994). An important component of this inquiry is that "evidence of similar acts perpetrated **against the same victim** are [sic] almost always admissible to prove intent, plan, or absence of mistake or accident." *Whaley v. Commonwealth*, 567 S.W.3d 576, 587 (Ky. 2019) (emphasis added) (internal quotation marks and citation omitted). However, "the rule is limited in this important respect: prior acts are not admissible when the conduct occurred too remote in time to fairly represent any reasonable application to the present crimes." *Driver v. Commonwealth*, 361 S.W.3d 877, 884 (Ky. 2012) (citing *Barnes v. Commonwealth*, 794 S.W.2d 165, 169 (Ky. 1990)). Notably, no court in the Commonwealth has provided "a demarcation point by which remoteness is to be judged." *Id.* Whether the prior convictions are too remote is left to the discretion of the trial court. *Id.*

Here, the prior convictions of 18-M-00232 and 19-M-00503 were relevant because they involved threats to the same victim, Melinda, and involved use of the same language by Michael that he would burn her house down and kill her family. Although the events occurred approximately three to four years before the events in the instant action, we note that the amended order of conditional

-6-

discharge in 18-M-00232 stated that Michael was to have no contact with Melinda during the period of conditional discharge, which was entered on August 27, 2018. The order of conditional discharge for 19-M-00503, entered on June 19, 2020, stated the same. The period of conditional discharge for each offense was 24 months. In other words, there was a pattern leading up to the events of 2022, that began in 2018 and continued.

The probativeness prong of the *Bell* inquiry "relates to whether there is sufficient evidence that the other crime, wrong, or act actually occurred." *Kentucky Farm Bureau Mut. Ins. Co. v. Rodgers*, 179 S.W.3d 815, 820 (Ky. 2005) (citation omitted). In the case at bar, multiple convictions for the same threats to the same victim (Melinda) are probative because the evidence suggests plan and motive. We are similarly disinclined to disturb the trial court's ruling that any prejudice against Michael is outweighed by the probative value of the prior convictions.

With regard to 19-M-00341, we agree with the trial court that it was appropriate for the Commonwealth to use the conviction to impeach Michael's testimony that no domestic violence had occurred in his relationship with Caitlin. Although Carrie was the victim in the case, she testified that Michael injured her because she attempted to intervene when she saw Michael committing an act of domestic violence against Caitlin.

We now turn to entry of the certified copies of the convictions. Michael argues the Commonwealth essentially received two bites at the apple because it introduced Melinda's testimony regarding the prior convictions and then bolstered her testimony by also offering the certified copies of the convictions.[3] While we acknowledge that entry of the orders was cumulative, it was harmless error. The copies of the judgments do not show any of the specific details of the crimes and, in fact, do not state the crime for which Michael was convicted.[4] In other words, the certified copies of Michael's prior convictions admitted into evidence did not show intent, planning, motive, or absence of mistake, other than the fact that Michael was ordered to have no contact with Melinda. However, Michael admitted to the convictions and that he pleaded guilty to terroristic threatening in each instance, even though he denied the underlying facts. The certified copies were simply cumulative of his own admissions, and we discern no error.

## IV. CONCLUSION

For the foregoing reasons, the judgment of the Breathitt Circuit Court is affirmed.

---

[3] Michael does not develop his argument regarding bolstering of Melinda's testimony and does not cite to KRE 608. We therefore do not address it further.

[4] The order in 19-M-00341 contains even less detail. It is simply handwritten on a docket sheet and signed by the judge.

ALL CONCUR.


BRIEFS FOR APPELLANT:

Adam Meyer
Frankfort, Kentucky

BRIEF FOR APPELLEE:

Russell Coleman
Attorney General of Kentucky

Jenny L. Sanders
Assistant Attorney General
Frankfort, Kentucky